**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT J. JACQUES, JR., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, <br> Acting Commissioner of Social Security, <br><br> Defendant. | Civil Action No. 2:16-cv-4455 (JLL) <br><br> **OPINION** |

**LINARES**, Chief Judge.

Before this Court is Robert J. Jacques, Jr. (hereinafter "Plaintiff" or "Claimant")'s appeal, which seeks review of Administrative Law Judge ("ALJ") Donna A. Krappa's denial of Plaintiff's application for disability insurance benefits and supplemental security income under the Social Security Act (the "Act"). The Court's jurisdiction to review Plaintiff's appeal falls under 42 U.S.C. § 405 (g). The Court has considered the submissions made in support of and in opposition to the instant appeal and decides this matter without oral argument pursuant to Local Civil Rule 9.1(f). For the reasons set forth below, the Court finds that the ALJ's decision is supported by substantial evidence and affirms ALJ Krappa's determination.

## I. BACKGROUND[1]

On May 8, 2012, Plaintiff filed a Title II and Title XVI application with the Social Security Administration (the "Administration") claiming a period of disability, seeking disability insurance benefits and supplemental security income. R. at 14. Plaintiff alleges an onset date of October 10, 2010. Id. at 14, 77. Both claims were denied initially on October 4, 2012 and then upon reconsideration on April 15, 2013. Id at 76, 88. Plaintiff then requested a hearing on May 9, 2013. Id. at 107. A hearing was held on May 28, 2014 in Newark, New Jersey during which the Plaintiff and vocational expert Patricia Sasona ("Ms. Sasona") provided testimony. Id. at 49 – 54.

Based upon Plaintiff's applications, ALJ Krappa issued a decision on September 26, 2014 finding the Plaintiff not disabled under sections 216(i), 223(d) and 1614(a)(3)(A) of the Act. Id. at 23. Thereafter, Plaintiff requested that the Appeals Council review ALJ Krappa's decision; this request was subsequently denied thereby affirming the ALJ's decision as the final decision of the Commissioner. Id. at 1 – 4.

Plaintiff filed the appeal currently pending before this Court on July 22, 2016. (ECF No. 1, "Compl."). A brief was filed by the Plaintiff in support of the instant appeal (ECF No. 12, "Pl.'s Br.") on February 2, 2017. On March 17, 2017, Defendant submitted a brief in opposition (ECF No. 13, "Opp'n Br.").

Since the Court writes for the parties who are familiar with the factual history of the case, the Court discusses below only the facts relevant to the issues raised on appeal.

---

[1] "R." refers to the Administrative Record, which uses continuous pagination and can be found at ECF No. 6.

## II. STANDARD OF REVIEW

This court must affirm the ALJ's decision if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "[i]t is less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004). The "substantial evidence standard is a deferential standard of review." *Id.* The ALJ is required to "set forth the reasons for his decision" and not merely make conclusory unexplained findings. *Burnett v. Comm'r of Soc. Sec,* 220 F.3d 112, 119 (3d Cir. 2000). But, if the ALJ's decision is adequately explained and supported, the Court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). It does not matter if this Court "acting *de novo* might have reached a different conclusion" than the Commissioner. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). Finally, the Third Circuit has made clear that "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his [or her] analysis. Rather, the function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones*, 364 F.3d at 505.

## III. THE FIVE STEP EVALUATION PROCESS TO DETERMINE DISABILITY UNDER THE ACT

The Social Security Act authorizes the Administration to pay a period of disability, disability insurance benefits and supplemental security income to disabled individuals. 42 U.S.C. §§ 423 (a); 1382. Pursuant to the Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous

3

period of not less than twelve months." 42 U.S.C. § 423 (d)(1)(A). A person is unable to engage in substantial gainful activity when his physical or mental impairment(s) are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of work which exists in the national economy." 42 U.S.C. § 423 (d)(2)(A).

The Regulation promulgated under the Act sets forth a five-step process to be used by the ALJ to determine whether or not the claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). The claimant bears the burden of proof at steps one through four whereas the Administration bears the burden at step five. *Poulos v. Comm'r of Soc. Sec.*, 474 F. 3d 88, 92 (3d Cir. 2007) (citing *Ramirez v. Barnhart*, 372 F. 3d 546, 550 (3d Cir. 2004)). The first step in the sequential evaluation process requires that the ALJ determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520 (a). If it is found that the claimant is engaged in substantial activity, the disability claim will be denied. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Alternatively, if it is found that the claimant is not engaged in substantial gainful activity the evaluation proceeds to step two. *Id.* At step two, the ALJ must determine whether the claimant suffers from a severe impairment. 20 C.F.R. § 404.1520 (c). If the claimant fails to show that her impairments are "severe," she is ineligible for disability benefits. However, if the ALJ finds that the showing indicates claimant's disability is severe, the analysis proceeds to step three. At step three, the ALJ then evaluates whether the claimant's severe impairment is listed or is equivalent to an impairment set forth by the Code. 20 C.F.R. § 404.1520 (d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to step four. Step four requires that the ALJ make specific findings of fact as to the claimant's residual functional capacity ("RFC") and also as to the

mental and physical demands of the claimants past relevant work. After both of these findings are made, the ALJ must compare the RFC to the past relevant work to determine whether Claimant retains the RFC to perform the past relevant work. 20 C.F.R. § 404.1520 (d). The claimant bears the burden of demonstrating an inability to return to her past relevant work. *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir.1994). If at step four, the evaluation indicates that the claimant is unable to resume past relevant work or any employment history does not qualify as past relevant work, the evaluation moves to step five. *Jones*, 364 F.3d at 503. The final step shifts the burden of proof to the "Administration to show that the claimant is capable of performing other jobs existing in significant numbers in the national economy, considering the claimant's age, education, work experience and [RFC]." *Ramirez*, 372 F.3d at 551; 20 C.F.R. § 404.1520(f). The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled. *Jones*, 364 F.3d at 503.

Additionally, under the Act, disability must be established by objective medical evidence. To this end, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section." 42 U.S.C. § 423(d)(5)(A). Instead, a finding that one is disabled requires:

> [M]edical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph . . . would lead to a conclusion that the individual is under a disability.

*Id.*; *see* 42 U.S.C. § 1382c(a)(3)(A). Factors to consider in determining how to weigh evidence from medical sources include: (1) the examining relationship; (2) the treatment relationship,

including the length, frequency, nature, and extent of the treatment; (3) the supportability of the opinion; (4) its consistency with the record as a whole; and (5) the specialization of the individual giving the opinion. 20 C.F.R. § 404.1527(c).

**IV.　DISCUSSION**

After applying the five-step evaluation process, ALJ Krappa determined that Plaintiff had not been under a disability within the meaning of the Act from October 10, 2010 through September 26, 2014, the date of the administrative decision. R. at 22. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 10, 2010, the alleged date of onset. Id. at 16. At step two, ALJ Krappa determined that Plaintiff suffered from the following severe impairments: disorder of the bilateral knees and disorder of the back (20 C.F.R. §§ 404.1520(c) and 416.920(c)). Id. Thereafter, at step three, the ALJ opined that Plaintiff's impairments or a combination of impairments neither met nor medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Id. at 18. Before proceeding to step four, ALJ Krappa set forth that Plaintiff had the RFC to "lift/carry 20 lbs. occasionally and 10 lbs. frequently; stand/walk for 6 hours in an eight hour work day; sit for 6 hours in an eight hour work day; and perform unlimited pushing and pulling within the weight restriction given." Id. The ALJ further asserted that regarding the postural and environmental demands of work, Plaintiff is able to perform jobs that require no use of ladders, ropes or scaffolds that require only occasional use of ramps or stairs and that require occasional balancing, stooping, kneeling, crouching and/or crawling. Id. Next, at step four, ALJ Krappa found that Plaintiff is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965). Id. at 21. At the final step, after considering the Plaintiff's age, education, work

6

experience and RFC, ALJ Krappa determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969 and 416.969(a)). Id. at 21. In making the final determination, the ALJ also took into account the testimony of vocational expert Ms. Sasona. Id. at 22. Ms. Sasona testified that jobs exist in the national economy that an individual with the claimant's age, education, work experience and RFC would be capable of performing. Id. These occupations include: assembler of electrical accessories (DOT # 929.687-010) of which 12,000 positions are available nationally, garment sorter (DOT # 222.687-014) of which 16,000 positions are available nationally, and ticket taker (DOT # 344.667-010) of which 20,000 positions are available nationally. Id. Pursuant to SSR 00-4p, ALJ Krappa determined that the vocational expert's testimony was consistent with the information contained in the Dictionary of Occupational Titles. Id. at 22. ALJ Krappa concluded that, based on Ms. Sasona's testimony, and in consideration of Plaintiff's age, education, work experience and RFC, Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy and therefore a finding of not disabled is appropriate under the framework. Id. Plaintiff sets forth two arguments in support of the instant appeal. First, Plaintiff purports that the RFC is not based on substantial evidence and secondly that the failure to combine Plaintiff's severe impairments or discuss medical equivalence renders ALJ Krappa's Step Three finding beyond judicial review. Pl.'s Br. 14, 24. The Court finds Plaintiff's arguments unpersuasive and for the reasons discussed below determines that substantial evidence supports ALJ Krappa's decision.

### A. Substantial Evidence Supports ALJ Krappa's RFC Determination

Plaintiff argues that the ALJ's RFC determination is not based on substantial evidence because the ALJ failed to account for Dr. Rashel Potashnik, M.D. ("Dr. Potashnik")'s medical

opinion and to also consider Plaintiff's use of a cane in the RFC evaluation. Pl.'s Br. 25. In turn, Defendant refutes Plaintiff's allegations by citing to excerpts in the administrative decision that refer to specific instances where ALJ Krappa refers to both Dr. Potashnik's medical assessment and Plaintiff use of a cane while ambulating. Def.'s Br. 12, 13. The Court finds substantial evidence supports ALJ Krappa's RFC assessment.

Plaintiff bases his challenge to the RFC finding on the contention that "the ALJ rejects [P]laintiff's pain as not entirely credible for the reasons explained in [the administrative] decision" and that "those reasons never materialize and Dr. Potashnik's persistent pain diagnosis is nowhere to be found." Pl.'s Br. 25-26.

The Court finds this argument without merit as the RFC is an administrative finding that the ALJ is solely responsible for determining, based on consideration of the record as a whole. See 20 C.F.R. § 404.1527(e). In making the RFC determination, the Third Circuit has made clear that an ALJ is not required "to adhere to any set format for explaining his [or her] analysis so long as there is 'sufficient development of the record and explanation of findings to permit meaningful judicial review.'" *Garrett*, 274 F. App'x at 162-63 (quoting *Jones*, 364 F.3d at 505).

ALJ Krappa complies with this standard and in accordance with Third Circuit precedent, ALJ Krappa incorporates Dr. Potashnik's findings regarding Plaintiff's range of motion at 150 degrees and the associated pain on end ranges and mild crepitus into her evaluation. R. at 20. Further included in the administrative decision, ALJ Krappa states that the remainder of Dr. Potashnik's examination did not reveal any tenderness with normal range of motion, strength, and sensory. Id. ALJ Krappa then highlights that Dr. Potashnik "noted the examination was limited due to the claimant's refusal to cooperate." R. at 20. ALJ Krappa asserts, after assessing and describing the medical evaluations of Dr. Potashnik, Dr. Gregory Lane, M.D. ("Dr. Lane"),

8

Dr. George Long, M.D. ("Dr. Long") and the State agency physicians, that "restrictions have been considered and incorporated into the residual functional capacity fashioned in [the] decision. No other examining or treating physician has opined that the claimant is disabled and unable to work." Id.

Plaintiff asserts that Dr. Potashnik's physical examination and conclusion directly contradicts the ALJ's RFC determination and the administrative decision ignores the fact that Plaintiff ambulates with a cane. Pl.'s Br. 25. This argument does not hold weight because while an ALJ must consider the opinions of treating physicians, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity" where it is not well supported or there is contradictory evidence. *Chandler*, 667 F.3d at 361 (alteration in original) (quoting *Brown v. Astrue*, 649 F.3d 193, 197 n.2 (3d Cir. 2011)); 20 C.F.R. § 404.1527(c)(2); *see also Coleman v. Comm'r. of Soc. Sec. Admin.*, 494 Fed App'x 252, 254 (3d Cir. Sept. 5, 2012) ("Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason.") (quoting *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000)); *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) ("An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided."); 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion."). Furthermore, this argument also fails because, as discussed below, ALJ Krappa does in fact take into account Plaintiff's use of a cane

and Dr. Potashnik's record of this fact in his medical assessment.

The allegation that ALJ Krappa ignored Plaintiff's need for a cane is without merit because the administrative decision addresses Plaintiff's use of a cane. ALJ Krappa notes Plaintiff "uses a cane all the time" and that Dr. Potashnik, who performed an independent orthopedic evaluation of the Plaintiff, reported that Plaintiff ambulated with a cane. R. at 19-20. The administrative decision proceeds to assess Plaintiff's ability to perform physical activities and sets forth that the Plaintiff in his function report indicated "he is able to take care of his personal needs, although it takes him longer. He prepares light meals, cleans shops in stores and does his own laundry. Plaintiff goes fishing, goes to the park, plays poker and goes paintballing once a week." Id. at 20. In her analysis, ALJ Krappa then states that despite Plaintiff's current claims of functional decline, the medical evidence shows no significant objective change in his medical condition to warrant such a change in functioning and that in "[the ALJ's] judgment the daily activities the [C]laimant has reported, when considered in conjunction with the medical evidence are not consistent with a finding of disability." Id. As highlighted above, ALJ Krappa's analysis includes Plaintiff's use of a cane in the overall assessment and therefore Plaintiff's argument fails as to this contention.

Plaintiff additionally argues that the "*Cotter Doctrine* stands for the dual principles that the administrative decision must recite all probative evidence and explain which entries were persuasive, which weren't and why." Pl.'s Br. 19. Further, Plaintiff asserts that "the second principle of the *Cotter Doctrine* insists that an administrative decision issue findings and conclusions that are both comprehensive." Id. Here, the ALJ did not ignore or fail to credit probative evidence as alleged by Plaintiff. Plaintiff's two contentions in support of this argument fail as the ALJ address both Plaintiff's use of a cane and Dr. Potashnik's medical

10

evaluation in the administrative decision. Under *Cotter*, "the ALJ [is required to] indicate that s/he has considered all the evidence, both for and against the claim, and provide some explanation of why s/he has rejected probative evidence which would have suggested a contrary disposition. . . . [T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *See Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Furthermore, the Third Circuit stated in *Cotter* "probative evidence [was] not credited or simply ignored." *Kelley v. Barnhart*, 138 Fed. App'x 505, 509 (3d Cir. 2005)(citing *Cotter*, 642 F. 3d at 706-07). In light of the reasons discussed above, the Court affirms ALJ Krappa's RFC finding.

### B. ALJ Krappa's Findings at Step Three are Supported by Substantial Evidence

Plaintiff argues that ALJ Krappa's purported failure to combine Plaintiff's severe impairments or discuss medical equivalence renders the Step Three finding beyond judicial review. Pl.'s Br. 26. In turn, Defendant asserts that Plaintiff's argument lacks merit because the ALJ specifically considered Plaintiff's impairments under Listings 1.02 and 1.04 and correctly found that Plaintiff did not meet all of the required criteria. Def.'s Br. 19. After carefully reviewing the record, the Court finds ALJ Krappa's Step Three analysis sufficient and affirms the Step Three determination.

In *Jones*, the Third Circuit made clear that Burnett "does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis," so long as the ALJ provides sufficient analysis "to permit meaningful review." 364 F.3d at 505; *see also Scuderi v. Comm'r of Soc. Sec.*, 302 F. App'x 88, 90 (3d Cir. 2008) ("[A]n ALJ need not specifically mention any of the listed impairments in order to make a judicially reviewable finding, provided that the ALJ's decision clearly analyzes and evaluates the relevant medical evidence as it relates

to the Listing requirements."); *Klangwald v. Comm'r of Soc. Sec.*, 269 F. App'x 202, 204 (3d Cir. 2008)("After broadly concluding that [the claimant] 'has no impairment, which meets the criteria of any of the listed impairments,' the ALJ followed this conclusion with a searching review of the medical evidence. Under our precedents, this is sufficient.").

Plaintiff challenges the ALJ's decision at Step Three alleging that the administrative decision does not "claim to have combined the pathology in [P]laintiff's right knee, left knee and lower back in combination or to have compared all of [P]laintiff's pathologies to a listed impairment." Pl.'s Br. 29. The Court finds Plaintiff's argument unconvincing since ALJ Krappa fulfills her burden by sufficiently assessing the medical evidence and analyzing the manner in which the medical evidence relates to the listing requirements throughout the administrative decision. *See* R. at 18-21. For example, the ALJ sets forth the requirements under Listing 1.02 needed to meet a finding of disability in the instant case. ALJ Krappa asserts that dysfunction of a major-weight bearing joint due to any cause requires a condition characterized by gross anatomical deformity, chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joints and findings of joint space narrowing, bony destruction, or ankyloses of the affected joints coupled with either the involvement of one major peripheral weight-bearing joint resulting in the inability to ambulate effectively as defined in 1.00B2b or the involvement of one major peripheral joint in each upper extremity resulting in the inability to perform fine and gross movement effectively as defined in 1.00B2c. Id. at 18. ALJ Krappa then proceeds to assess Plaintiff's disorder of the lumbar spine asserting that:

> The [C]laimant's disorder of the lumbar spine does not meet Listing 1.04 because the record does not demonstrate compromise of nerve root (including the cauda equina) or the spinal cord with additional findings of: A) evidence of never root compression characterized by nuero-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower

back, positive straight-leg raising; or B) spinal arachnoiditis; or C) lumbar spinal stenosis resulting in pseudoclaudication.

Id. Moreover, the administrative decision recounts Plaintiff's symptoms due to his disorder of the bilateral knee and lumbar spine disorder diagnoses resulting from a motor vehicle accident that occurred in 2010, subsequent medical examinations by Dr. Lane, Dr. Potashnik, and Dr. Long, and Plaintiff's alleged level of pain and level of daily functioning. Id. at 19-20. Because Third Circuit precedent requires that the ALJ engage in an analysis of the medical evidence but does not require that the evaluation occur at a specific point within the administrative decision, the Court is satisfied that the ALJ fulfilled her burden by providing a thorough evaluation of the relevant medical evidence. In light of the foregoing and in conjunction with ALJ Krappa's assessment of the medical evidence of record, the Court finds that ALJ Krappa's determination provides analysis to permit meaningful judicial review as required by Third Circuit precedent. Moreover, these findings are supported by substantial evidence.

## V. CONCLUSION

After reviewing the administrative record in its entirety and for the reasons discussed above, the Court finds that the ALJ's determination that the Plaintiff is not disabled is supported by substantial evidence. Accordingly, ALJ Krappa's decision is affirmed. An appropriate Order follows this Opinion.

DATED: June 14th, 2017

JOSE L. LINARES
CHIEF JUDGE, U.S. DISTRICT COURT